**FAEGRE DRINKER BIDDLE & REATH LLP**
Patrick A. Jackson (*pro hac vice* admission pending)
patrick.jackson@faegredrinker.com
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

Maria Cho (State Bar No. 327388)
maria.cho@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1825

*Attorneys for Lady Benjamin PD Cannon*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

BENICIA HARBOR CORPORATION dba BENICIA MARINA

Plaintiff.

v.

M/V IDA LOUISE, Official No. 224620, its engines, tackle, machinery, furniture, apparel, appurtenances, etc., in rem, and DOES 1-10,

Defendants.

Case No. 2:23-cv-00205-CKD

**DEFENDANT'S ANSWER TO VERIFIED COMPLAINT; VERIFIED COUNTERCLAIM OF LADY BENJAMIN PD CANNON**

Complaint Filed: February 2, 2023
Verified Statement Filed: March 28, 2023

## DEFENDANT'S ANSWER TO COMPLAINT

Lady Benjamin PD Cannon ("Lady Benjamin"), in her individual capacity as the purchaser of the subject property, by and through her undersigned counsel, hereby answers the verified complaint of Plaintiff Benicia Harbor Corporation dba Benicia Marina ("Plaintiff" or "Benicia Marina") [Docket No. 1] (the "Complaint") as follows:

## I. JURISDICTION AND VENUE

1. The statement in Paragraph 1 contains conclusions of law and, as such, does not require a response. To the extent a response is required, the statement is denied.

2. Admitted.

3. Admitted.

## II. THE PARTIES

4. Lady Benjamin lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Complaint and therefore denies them.

5. Lady Benjamin denies the description of the Vessel (as defined below): the Vessel is 84 feet long, not 68.4 feet, as alleged in the Complaint. Except as expressly denied, Lady Benjamin admits the remaining allegations in Paragraph 5 of the Complaint.

## III. FIRST CAUSE OF ACTION

**[Enforcement of Maritime Lien]**

6. Lady Benjamin lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Complaint and therefore denies them.

7. Lady Benjamin lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint and therefore denies them.

8. Lady Benjamin admits that Stephen David paid the monthly rent due through December 2021, but denies that he has not paid any rent since. By way of further response, upon information and belief, Mr. David attempted to make further rent payments to Benicia Marina, but Benicia Marina refused the payments and instructed Mr. David not to make said payments.

9. Lady Benjamin denies the allegations in Paragraph 9 of the Complaint.

10. Lady Benjamin denies the allegations in Paragraph 10 of the Complaint.

11. Lady Benjamin denies the allegations in Paragraph 11 of the Complaint.

12. Lady Benjamin denies the allegations in Paragraph 12 of the Complaint.

## IV. ARREST OF THE VESSEL UNDER RULE C AND 46 U.S.C. §31342(a)(2)

13. Lady Benjamin denies the allegations in Paragraph 13 of the Complaint.

14. Lady Benjamin denies the allegations in Paragraph 14 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Lady Benjamin asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to

the defenses described below, Lady Benjamin reserves all rights to allege additional defenses that become known through the course of discovery or further investigation.

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The Complaint is barred, in whole or in part, by the doctrines of equitable and/or promissory estoppel.

3. The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

4. The Complaint is barred, in whole or in part, due to insufficient process and insufficient service of process.

Lady Benjamin reserves the right to assert any additional defenses that further investigation or discovery may necessitate.

**LADY BENJAMIN'S COUNTERCLAIM**

Lady Benjamin, for her counterclaim against Benicia Marina (this "Counterclaim"), states as follows:

**INTRODUCTION**

1. Consistent with the Answer above, Lady Benjamin is the current owner of the defendant vessel M/V IDA LOUISE, Official No. 224620, its engines, tackle, machinery, furniture, apparel, appurtenances, etc., *in rem* (the "Vessel").

2. On October 18, 2022, Lady Benjamin and Mr. David entered into that certain purchase agreement, pursuant to which Mr. David sold and transferred a 100% ownership interest in the Vessel to Lady Benjamin.

3. At the time of its filing of the Complaint, Benicia Marina was aware of an ownership interest in the Vessel. In the Complaint (at ¶ 2), Benicia Marina stated that "the current record owner [of the Vessel] appear[s] to be Lady Benjamin Philip Diaz Cannon."

4. On March 28, 2023, pursuant to Rule C(6)(a) of the Supplemental Federal Rules of Civil Procedure for Admiralty or Maritime Claims and Asset Forfeiture Actions, Lady Benjamin filed a verified statement, stating her ownership interest in the Vessel.

**THE PARTIES**

5. Counterclaimant Lady Benjamin is an individual who is currently, and was at all relevant times herein, a resident of the State of California, County of Solano, and City of Benicia.

6. Benicia Marina alleges that it is a corporation duly formed under the laws of the State of California and licensed to do business in this State.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this Counterclaim under 28 U.S.C. § 1331(1).

8. Venue is proper in this judicial district because the Vessel is physically located within the Eastern District of California.

**FIRST CAUSE OF ACTION**

**[Wrongful Arrest]**

9. Lady Benjamin realleges and incorporates by reference, as if fully set forth herein, the allegations in the paragraphs above.

10. Despite its knowledge that Lady Benjamin is the current owner of the Vessel, Benicia Marina failed to present an invoice to Lady Benjamin for the monthly rent payments and electricity charges (the "Fees") allegedly serving as the basis for Benicia Marina's arrest of the Vessel.

11. When Lady Benjamin, through her agent(s) and/or representative(s), attempted to make payment on the Fees, Benicia Marina accepted, but did not cash, the checks.

12. No notice of default was presented by Benicia Marina to Lady Benjamin at any time prior to the filing of the Complaint, and the Vessel was arrested without any prior notice to the owner of the Vessel.

13. As a result of Benicia Marina's wrongful arrest, Lady Benjamin suffered damages, in an amount to be determined and proven at trial including, but not limited to, forced displacement from her place of residence, and attorneys' fees and costs, which continue to be incurred.

**SECOND CAUSE OF ACTION**

**[Failure of Substitute Custodian to Maintain and Protect the Vessel]**

14. Lady Benjamin realleges and incorporates by reference, as if fully set forth herein, the allegations in the paragraphs above.

15. On February 2, 2023, this Court entered the *Order Granting Plaintiff's Ex Parte Application for Order Appointing Substitute Custodian* [Docket No. 10] (the "Custodian Order").

16. Pursuant to the Custodian Order, Benicia Marina was designated by this Court to assume the responsibility of safekeeping the Vessel from the United States Marshall for the Eastern District of California and to act as the Vessel's custodian (the "Substitute Custodian") until further order of this Court.

17. Further, pursuant to the Custodian Order, "Benicia Marina, as Substitute Custodian, accepts possession of and responsibility for the Vessel following its arrest." Custodian Order, ¶ 7.

18. Despite Benicia Marina's claimed acceptance of responsibility and this Court's order to ensure the safekeeping and protection of the Vessel, on information and belief, Benicia Marina has acted negligently, recklessly, and/or intentionally to cause extensive damage to the Vessel and/or Lady Benjamin's personal property located on the Vessel.

19. For instance, Benicia Marina disconnected the climate control and dehumidification system, which was installed to prevent dry rot. As a result of Benicia Marina's disconnection of the system, the Vessel has suffered continuous water damage and is rotting.

20. In addition, Benicia Marina disconnected other systems, which were installed to prevent the Vessel from sinking. As a result, since being under the Substitute Custodian's control, the Vessel has been at increased risk of sinking.

21. Inexplicably, given (i) Benicia Marina's status as Substitute Custodian for the Vessel responsible for its possession and safekeeping, and (ii) this Court's possession of the Vessel *in custodia legis* as a result of Benicia Marina's prosecution of the instant action *in rem*, Benicia Marina commenced another action in the Superior Court for the State of California, County of Solano (the "State Court"), on February 28, 2023, seeking, among other things, "a permanent injunction allowing [Benicia Marina] to disconnect and remove all electrical and utility hookups attached to [the Vessel]" (*see* Complaint at ¶ 35, attached as Exhibit 1 hereto). The relief requested in the State Court, if granted, would subject to Vessel to further damage and risk of sinking, which is wholly inconsistent with Benicia Marina's responsibilities as the Court-appointed Substitute Custodian for the vessel.

22. Discovery is necessary to reveal the full extent of harm to the Vessel and Lady Benjamin's personal property resulting from Benicia Marina's negligence, recklessness, and/or intentional conduct. However, on information and belief, such harm has occurred, and continues to occur, to the detriment of Lady Benjamin so long as Benicia Marina remains in custody of the Vessel and the personal property located thereon.

**PRAYER FOR RELIEF**

WHEREFORE, Lady Benjamin respectfully requests judgment against Benicia Marina as follows:

1. Entry of an order vacating the arrest of the Vessel;

2. Award Lady Benjamin monetary damages, in an amount to be proven at trial but in no event less than $50,000, arising from or relating to (i) the wrongful arrest of the Vessel, (ii) damage to the Vessel and/or Lady Benjamin's personal property located thereon resulting from Benicia Marina's negligence, recklessness, or intentional conduct while serving as Substitute Custodian;

3. Award Lady Benjamin attorneys' fees and costs;

4. Such other relief as may be just and proper, including punitive damages if the Court determines they are warranted by Benicia Marina's conduct and necessary or appropriate to deter such conduct in the future.

Dated: April 18, 2023

FAEGRE DRINKER BIDDLE & REATH LLP

By: /s/ Maria Cho
Maria Cho

Patrick A. Jackson (*pro hac vice* admission pending)
patrick.jackson@faegredrinker.com
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

Maria Cho (State Bar No. 327388)
maria.cho@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1825

*Attorneys for Lady Benjamin PD Cannon*

**VERIFICATION**

I, Lady Benjamin PD Cannon, hereby state as follows:

1. I am the resident of the State of California and a defendant in this case.

2. I have read the above Answer to Plaintiff's Verified Complaint and the Verified Counterclaim and hereby verify the above facts are true to the best of my knowledge and belief.

I declare under the penalty of perjury that the foregoing is true and correct and that this verification was entered into at Benicia, California.

Dated: April 18, 2023

By: */s/ Lady Benjamin PD Cannon*
Lady Benjamin PD Cannon
(original signature retained by counsel,
Faegre Drinker Biddle & Reath LLP)

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2023, a true and correct copy of the foregoing Answer and Verified Counterclaim was filed electronically using the Court's CM/ECF system, which shall send notifications of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

By: /s/ Maria Cho
Maria Cho