UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENICIA HARBOR CORPORATION dba BENICIA MARINA,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>M/V IDA LOUISE, Official No. 224620, its engines, tackle, machinery, furniture, apparel, appurtenances, etc., *in rem*; and DOES 1-10,<br><br>　　　　　　Defendants. | No. 2:23-cv-00205-DJC-CKD<br><br><br>ORDER |

　　　　Pending before this Court is Plaintiff Benicia Harbor Corporation doing business as Benicia Marina's Motion for Authorization to Credit Bid at the upcoming sale of Defendant vessel M/V IDA LOUISE (the "Vessel") scheduled for January 31, 2024. (ECF No. 53).

　　　　On January 8, 2024, the Court issued a Minute Order directing Plaintiff to file a declaration averring the amounts comprising its requested credit bid within seven days. Plaintiff did so on January 9, 2024. (ECF No. 57.) The Vessel's owner, Lady Benjamin PD Cannon ("Lady Benjamin"), filed objections to the declaration on January 16, 2024. (ECF No. 58.)

////

Plaintiff seeks authorization to credit bid in the amount of $72,098.77, which comprises (1) $33,061.76 in unpaid monthly rental fees, as set forth in Plaintiff's Verified Complaint (ECF No. 1 ¶ 10); (2) $458.93 in U.S. Marshal's fees and costs for the arrest of the Vessel; (3) $884.60 for publication of the notice of arrest; (4) $4,193.48 for publication of the notice of sale; and (5) $33,500 in custodial fees incurred from February 17, 2023 through January 17, 2024 at the rate of $100 per day (335 days x $100 per day).  (ECF No. 57 at 3.)

Lady Benjamin objects to both the amount of unpaid monthly rental fees and custodial fees.  Concerning the unpaid monthly rental fees, Lady Benjamin argues that Plaintiff did not provide a full breakdown of the rental fees and any adjustments made for credits.  (ECF No. 58 at 3.)  She further argues that Plaintiff stated the monthly rental rate was $851.20 in the Verified Complaint, and that multiplying this rate by the thirteen months Plaintiff claims the Vessel's prior owner did not pay rent only amounts to $11,065.60.  (*Id.; see also* ECF No. 1 ¶ 7.)  Thus, Lady Benjamin argues the monthly fees component of Plaintiff's credit bid should be set at no more than $11,065.60.

The Court agrees with Lady Benjamin.  Plaintiff did not provide a breakdown of the alleged $33,061.76 in unpaid monthly rental fees, nor did it provide any documentation from which the Court can assess the reasonableness of this claimed amount.  Accordingly, the Court will set the unpaid monthly fees component of Plaintiff's credit bid at $11,065.60.

Lady Benjamin also complains that the $33,500 in *custodia legis* fees are based on wharfage fees incurred by the Vessel at a rate of $100 per day, which is almost four times the rental rate set forth in the Verified Complaint ($28.37 per day, based on a rate of $851.20 per month and a 30-day month), and that Plaintiff provides no basis or explanation for this daily rate.  (ECF No. 58 at 5.)

This rate may be high in comparison to the Vessel's normal monthly rent of $851.20.  However, Plaintiff previously applied for an order appointing itself substitute guardian for the Vessel, and in this application listed its fees for providing this service

at $100 a day.  (*See* ECF No. 5-1 ¶ 4.)  The Court granted this application.  (*See* ECF No. 10.)  Accordingly, the Court will set the *custodia legis* fees component of Plaintiff's credit bid at $33,500 in accordance with this Court's order appointing Plaintiff as substitute guardian for the Vessel.

In conclusion, having considered the Parties' filings, the Court will GRANT Plaintiff's Motion and permit Plaintiff to credit bid at the sale of the Vessel.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Authorization to Credit Bid (ECF No. 53) is GRANTED;
2. The Court's Order issued October 26, 2023 (ECF No. 51) granting interlocutory sale of the Vessel is MODIFIED as follows to permit Plaintiff to credit bid at the sale; and
3. Plaintiff, having a secured maritime lien interest in the Vessel pursuant to the Commercial Instruments and Federal Maritime Lien Act (46 U.S.C. §§ 31301–31343) and being the only claimant in this action asserting a maritime claim against the Vessel, is authorized pursuant to E.D. Cal. L.R. 570(b) to credit bid at the auction of the Vessel, without payment of cash, a sum equal to its secured interest in the Vessel, consisting of the unpaid monthly rental fees ($11,065.60), plus its actual costs of suit through the date of the sale, including U.S. Marshal, substitute custodian, and other *custodia legis* expenses ($39,037.01).  In total, Plaintiff may credit bid up to $50,102.61.

IT IS SO ORDERED.

Dated:   **January 25, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – benicia23cv00205.MotCreditBid

3