UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENICIA HARBOR CORPORATION dba BENICIA MARINA,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>M/V IDA LOUISE, Official No. 224620, its engines, tackle, machinery, furniture, apparel, appurtenances, etc., *in rem*; and DOES 1-10,<br><br>　　　　　Defendants. | No. 2:23-cv-00205-DJC-CKD<br><br><br>ORDER |

Pending before this Court is Plaintiff Benicia Harbor Corporation doing business as Benicia Marina's Motion to Confirm Sale of Vessel. (ECF No. 65.) For the reasons set forth below, the Court will GRANT this Motion.

**BACKGROUND**

The Court ordered the sale of Defendant vessel M/V IDA LOUISE (the "Vessel") on October 26, 2023. (ECF No. 51.) Sale of the Vessel was scheduled for January 31, 2024, and the Vessel was sold to Plaintiff for a winning bid of $12,000.[1] (ECF Nos. 63, 65 at 4.)

---

[1] Plaintiff had previously been granted leave to credit bid at the sale. (ECF No. 62.)

Prior to the sale, Plaintiff was ordered to file and serve on the Vessel's owner, Lady Benjamin PD Cannon ("Lady Benjamin"), a full inventory of non-appurtenant property aboard the Vessel. (ECF No. 56.) Plaintiff and Lady Benjamin were further ordered to meet and confer concerning the removal and transfer of Lady Benjamin's personal property before the sale. (*Id.*)

Following the sale, Lady Benjamin filed limited objections to sale of the Vessel, alleging the inventory of non-appurtenant property provided by Plaintiff omitted a substantial amount of non-appurtenant property. (ECF No. 64 at 1–3.) Lady Benjamin further alleges that her counsel met and conferred with Plaintiff's counsel on January 25, 2024, and advised Plaintiff's counsel that Lady Benjamin is still homeless and lacks the wherewithal to pay for movers and trucks to remove her property at this time. (*Id.* at 3.) Now, Lady Benjamin is concerned that Plaintiff intends to destroy the Vessel in-place, which will also destroy her property still aboard. (*Id.* at 3–4.) Therefore, Lady Benjamin asks that this Court clarify in any order approving sale of the Vessel that Lady Benjamin's property is excluded from such sale and Plaintiff may not destroy said property. (*Id.* at 4.)

Plaintiff now brings this pending Motion asking that the Court disregard Lady Benjamin's limited objections and confirm the sale. (ECF No. 65.)

## **LEGAL STANDARD**

Sale of maritime vessels is governed by Local Rule 570, which provides that "[a] sale shall stand confirmed as of course without any affirmative action by the Court unless (1) objection is filed within the time allowed under these Rules, or (2) the purchaser is in default for failure to pay the balance due the Marshal." L.R. 570(g).

"If an objection has been filed or if the successful bidder is in default, the Marshal, the objector, the successful bidder, or a party may move the Court for relief. The motion will be heard summarily by the Court." L.R. 570(h).

////

////

## ANALYSIS

Lady Benjamin does not object to sale of the Vessel on any legal grounds. Rather, she objects to the extent her personal property may be destroyed along with the Vessel.

The Court is sympathetic to Lady Benjamin's position. However, this case has been pending for over a year, during which time the Vessel has been sitting in Plaintiff's harbor decaying and accruing *custodia legis* expenses. Plaintiff placed a winning bid on the Vessel at a public auction that was properly noticed and conducted by the U.S. Marshal in accordance with all applicable law. (*See* ECF Nos. 61, 63.) Thus, the Vessel now rightfully belongs to Plaintiff. The Court cannot order Plaintiff to keep the Vessel in their harbor indefinitely while it further decays, and Lady Benjamin has offered no clear solution for removing her personal property from the Vessel in the near future.

Accordingly, the Court will grant Plaintiff's Motion and confirm the sale. However, the Court will also order that any purported destruction of the Vessel be delayed for at least thirty days[2] following this Order so that Lady Benjamin may have another opportunity to remove her personal property from the Vessel. The Parties are ordered to meet and confer during that time. However, Plaintiff will not be required to bear any costs, expenses, or burden associated with removing Lady Benjamin's property from the Vessel.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Confirm Sale of Vessel (ECF No. 65) is GRANTED;
2. Sale of the Vessel to Plaintiff is CONFIRMED;
3. Plaintiff is ordered to delay any purported destruction of the Vessel for a period of thirty (30) days;

---

[2] The Parties may, of course, stipulate to more time.

4. The Parties are ordered to meet and confer during that thirty (30) day period regarding the removal and transfer of Lady Benjamin's personal property.

IT IS SO ORDERED.

Dated: __March 18, 2024__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – benicia23cv00205.MotConfirmSale

4